Federlicht *v.* Glass and Wife.

A. FEDERLICHT *et al. v.* J. M. GLASS and WIFE.

1. MARRIED WOMEN. *Agent. Separate estate.* A married woman, in whose name as the owner of a stock of goods a retail business is carried on by the husband as her agent, is not liable personally on notes executed by the husband in her name for new goods, nor is her separate estate bound for the payment of the debt thus created in the absence of a legal contract to that effect.

2. SAME. *Suit upon notes executed for goods. Pleading and practice.* If, upon being sued at law upon such notes, the married woman pleads her coverture, the title to the goods would revert to the vendors, and they could sue for the same in replevin, or by bill in equity to reach the specific goods, or their proceeds if capable of being identified and followed; but the vendor creditors, in the absence of proof of positive fraud on the part of the married woman, have no lien upon, and cannot subject other goods of her separate estate for their demands, nor hold her liable as trustee or otherwise for the value of their goods which may have been lost, destroyed or otherwise disposed of.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

DODSON & MOON for complainants.

WHEELER & MARSHALL and W. H. CLIFT for defendants.

COOPER, J., delivered the opinion of the court.

On August 2, 1880, Isaac Hart conveyed to his daughter, the defendant Sarah M. Glass, wife of the defendant, J. M. Glass, a stock of goods, consisting principally of ready-made clothing, in store at Chattanooga, to her sole and separate use, with power to dispose thereof as she might see proper, any property acquired with the proceeds to be for her like sole and separate use. From the execution of this conveyance until November 25, 1881, when the present bill was filed, the defendant, Sarah M. Glass, by her husband, as her agent, or perhaps more accurately, the husband in the name of his wife, and ostensibly as her agent, continued to carry on business at Chattanooga with the goods thus conveyed and other goods bought to supply the place of those sold. The purchases of new stock were made from various Eastern houses, and among others from Federlicht & Sons of Baltimore, and the Star Suspender Company, who are the complainants in this bill. The purchases from the former were made by the husband about April 1, 1881, amounting to $566.86, for which the husband gave a note in his wife's name in the ordinary form of a promissory note, payable at sixty days. On March 12, 1881, the other complainant, the bill says, sold to "J. M. Glass or S. M. Glass" goods to the value

of $77.75. Each of the complainant companies brought a separate suit at law on the debt thus created against the defendant, Sarah M. Glass, but dismissed the same upon the defendant pleading in defense her coverture. The complainants then joined in filing the present bill.

The bill stated the foregoing facts, but was complicated by the assumption of conflicting hypotheses, and by seeking contradictory relief. Its main object was to assert the liability of the husband to the complainants for their respective debts, and to reach the stock of goods on hand by impeaching the conveyance of Hart to his daughter upon the ground that the stock of goods conveyed was in reality the property of the husband, for which no consideration was paid by the wife, and that the business had been subsequently conducted in the name of the wife for the fraudulent purpose of protecting the goods from the creditors of the husband. This aspect of the case has been abandoned, as conceded by the learned counsel of the complainants, for want of proof to charge the husband with the debt, or to establish the alleged fraud.

The case is before us upon the alternative aspect of the liability of the wife to the complainants, and of the property attached, and of the sureties on the replevy bond by reason of such liability. Upon this branch of the case it is clear, and is conceded, that the contracts of sale were repudiated by the wife by the plea of coverture to the actions at law, and that she cannot be charged personally with the debts of the complainants: *Jackson* v. *Rutledge*, 3 Lea, 626, 629. It

is equally clear, and is conceded, that there is nothing in the contracts stipulating for or creating a lien on the wife's separate estate: *Ragsdale* v. *Gossett*, 2 Lea, 729, 736. All that can be claimed, or is claimed for the complainants is that they may, through the equity created by the facts against the wife, subject the goods attached if they can be found, or hold the parties to the replevy bond, other than the wife, liable thereon for the value of the goods attached.

After the principal prayer of the bill, the complainants add: "But if they are mistaken in this, then they charge that the circumstances before stated are such as to make Mrs. Glass a trustee for complainants and persons who sold said goods and other goods under similar circumstances; that the stock of goods so obtained are a trust fund which a court of chancery will take into custody and apply to the payment of the debts contracted in their purchase." The substance of this charge is that upon repudiating the contract of sale by pleading her coverture, the married women would hold the goods as the property of the vendors, and would be required by a court of equity to turn them over to the owners, or the court would take the goods into custody and apply them, or their proceeds, to the payment of the debts contracted in their purchase. We think this is undoubtedly good law. The contract of sale being invalid or repudiated the title to the goods would be in the vendors respectively, and they might bring replevin or file a bill in equity for their recovery. Chancery would compel the return of the property if in the

possession or under the control of the *feme.* · The law has been so declared in the case of an infant who had pleaded his infancy in defense of a bill filed to recover the price of personal property: *Nichol* v. *Steger,* 6 Lea, 393, affirming same case, 2 Tenn. Ch., 328. The same law would be equally applicable in the case of a married woman.   If, therefore, the complainants had sought by this bill to reach their goods, and had attached them, their equity would have been clear. And, under the present bill, if the property attached, which is now the only property subject to be reached by the decree, had been the goods of the complainants, or either of them, there would have been no difficulty in administering relief *pro tanto.*   Unfortunately for the complainants, there is not a particle of proof in the record to show that any of the goods of the complainants were levied on by the attachment, or were in the possession or under the control of the defendants, or either of them.   On the contrary, it distinctly appears that the articles levied on consisted of ready-made clothing of a particular description, and that the articles alleged to have been sold by the complainants were of an entirely different description. No relief can therefore be granted on this ground.

The chancellor, going beyond the bill, holds that the wife, by disaffirming the contracts of sale, "thereby made herself liable as trustee to account for the value of said goods."   He thereupon gives a nominal decree against the defendant, Sarah M. Glass, in favor of each complainant company for its debt, the execution to be only levied "on the stock of

goods attached, if they can be found." He then renders a decree against her, her husband and a surety on the replevy bond, for the penalty of the bond, to be satisfied by the payment of complainants' debts. The execution on this decree is to run generally against the last two parties, but as to the married woman is only to be levied on the property attached, if found. He does not, it will be noticed, give any personal judgment against the married woman at all, nor declare any lien in favor of complainants on her separate estate, and yet subjects her separate estate, other than the goods of the complainants, to the complainants' debts. A woman's separate estate cannot, however, be subjected to her debts unless expressly charged upon it by her in the mode prescribed by law. But here, as we have seen, there is no charge on the separate estate by contract, nor *a fortiori* by the invalidity or rescission of that contract. And the property attached, as we have also seen, was no part of the goods of the complainants. The property attached could not therefore be reached by the complainants as their property, for it was not theirs, nor as the separate property of the *feme,* for they had no lien on such property.

The replevy bond in this case was signed by the wife, the husband, and a third person as surety. It is in the penalty of double the amount of the debts of the complainants, and conditioned for the payment of "whatever debt, interests and costs may be decreed or adjudged against the defendant, or either of them, in said suit." No decree can be rendered against

·either of ·the defendants for any debt and interest, for neither is bound therefor, nor against the wife for the enforcement of a lien on her separate estate, for there is no such lien. To the extent of debt and interest there has, consequently, been no breach of the bond.

The Referees report in favor of affirming the chancellor's decree "upon the inherent equities of the case as they present themselves to us through the facts." And it must be admitted that the facts do present a ·case which appeals strongly to a court of equity for relief, if any relief can be granted consistently with the settled rules of law. Some relief was possible, ·as we have seen, upon a different frame ·of bill, or ·different proof. But the only relief which can be given as the case now stands is upon the liability of the wife, and against the other parties through her. But she is in no event personally liable, and the ·complainants have no lien on her separate estate, and no claim on the specific property attached. There can be, therefore, no decree at all against the *feme* either personally or to subject property under the control of the court, and consequently no decree against the other parties to the replevy bond.

The real equity of the complainants was to recover ·their property, or its proceeds distinctly identified or followed. The authorities would probably hold the *feme* liable to this extent: *Jackson* v. *Rutledge*, 3 Lea, 626, 631. The equity claimed is that the defendant, ·Sarah, became liable for the value of complainants' goods by failing to return them, not personally, but

so far as to charge her separate estate therewith. The only possible ground upon which such a charge can rest would be benefit to the separate estate. But benefit alone to the estate, all our authorities agree, is not sufficient to charge it: *Hughes* v. *Peters*, 1 Cold., 68; *Knott* v. *Carpenter*, 3 Head, 542; *Holder* v. *Crump*, 10 Lea, 320; *Chatterton* v. *Young*, 2 Tenn. Ch., 768, 772. Besides, there is no proof in this case of any benefit. The property may have been destroyed or lost. We have held that an infant, when he pleads his infancy as a defense to a bill to recover the purchase price of personalty, is not liable for the value of the property not returned, and this for the obvious reason that otherwise infancy would be no protection at all. For he would be liable for the value either in contract or tort: *Nichol* v. *Steger*, 6 Lea, 393. The rule is equally applicable to a married woman, if, under the settled law of the State, coverture is allowed to be a protection.

Of course, the power of a court of chancery to compel a married woman to do equity when she is seeking its aid to recover property, or is otherwise seeking to enforce a legal right against a clear equity, stands upon a different principle: *Aiken* v. *Suttle*, 4 Lea, 103; *Pilcher* v. *Smith*, 2 Head, 208. And so probably if a married woman were shown to have been guilty of positive fraud in the particular case: *McFerrin* v. *Carter* 3 Baxt., 335.

The exception to the report of the Referees will be sustained; the decree of the chancellor reversed, and the bill dismissed with costs.